1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

The Honorable Timothy W. Dore
Chapter 7
Hearing Location: United States Bankruptcy
Court, Courtroom 8106, 700 Stewart St., 8th
Floor, Seattle, WA 98101
Hearing Date: April 10, 2020
Hearing Time: 9:30 a.m.
Response Date: April 3, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No.:  20-10323-TWD |
| Philip P Burnell | Chapter    7 |
| Debtor | MOTION FOR RELIEF FROM STAY AND MEMORANDUM IN SUPPORT THEREOF |

COMES NOW, MidFirst Bank ("Creditor") and moves the Court pursuant to 11 USC §362(d) for an Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the note and deed of trust described below and attached as exhibits to this motion and memorandum.

## I.  RELEVANT FACTS

### A.  The Property

On or about June 26, 2009, Philip Burnell executed a note in favor of William Raveis Mortgage, LLC in the original principal amount of $128,627.00 ("Note").  The debt described by the Note is secured by a mortgage ("Deed of Trust") properly recorded and creating a lien against property commonly described as 3699 Broadbridge Ave Unit 107, Stratford, CT 06614 (the "Property").

Motion for Relief - 1
MH# WA-20-160601

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 20-10323-TWD    Doc 14    Filed 03/16/20    Ent. 03/16/20 16:18:05    Pg. 1 of 5

Creditor is the holder of the Note and thus has standing to enforce the Note pursuant to RCW §62A.3-301. The Deed of Trust was pledged as incident to the Note and thus, as the holder of the Note, Creditor also has the right to enforce the Deed of Trust that follows the note.

Subsequent to the execution of the Note and Deed of Trust, Debtors have filed for protection under Chapter 7 of Title 11 of the United States Code.

Upon information and belief, no foreclosure sale is pending as of the date of this motion.

**B. The Debt**

As of February 12, 2020, Debtor is due for the May 1, 2019 payment. The approximate amount owed under the terms of the Note is $108,180.76. This is an approximation of the lien, including principal balance plus accrued interest, late charges, escrow shortages and other fees and costs, as allowed under the terms of the Deed of Trust. This estimate is accurate as of the date provided to counsel for the Creditor and is intended only for the purposes of this motion. This amount cannot be relied upon for any other purposes, including payoff of the secured debt. A complete, date specific and itemized payoff figure may be obtained from Movant upon written request to counsel for Creditor.

**C. The Value of the Property**

The value of the Property as represented in Debtor's sworn schedules is $60,611.00.

**II. ARGUMENT AND AUTHORITY**

**A. Standing**

To prosecute a motion for relief from the automatic stay as to enforcement of a note and deed, a movant must establish that it has an interest in the note, either as a holder, or as a party entitled to enforce the note. See *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). In the case at bar,

Motion for Relief - 2
MH# WA-20-160601

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 20-10323-TWD   Doc 14   Filed 03/16/20   Ent. 03/16/20 16:18:05   Pg. 2 of 5

the declaration and exhibits supporting the motion establish that Creditor is the holder of the Note and thus has standing to prosecute the present motion.

**B. Basis for Relief from Stay**

Under 11 U.S.C. 362(d)(2), on request of a party in interest, the court shall grant relief from stay if there is no equity in the property and the property is not necessary for an effective reorganization. In the case at bar, after consideration of all liens against the Property including the secured lien of Creditor, the Debtor's claimed exemptions against the Property, and the costs of liquidation that would be associated with any sale of the Property, there is no equity for the estate. Because the Debtor has filed for protection under the liquidation provisions of Chapter 7, there is no reorganization and thus the Property cannot be argued as necessary for an effective reorganization.

Under 11 U.S.C. 362(d)(1), on request of a party in interest, the court shall grant relief from the stay for cause, including the lack of adequate protection of an interest in such property. Adequate protection is lacking where there is an insufficient equity cushion in the subject property. *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984). In the case at bar, considering the value of the Property against the amount owed to Creditor, there is no equity cushion and thus Creditor lacks adequate protection and the stay should be terminated.

**III. RELIEF REQUESTED**

For the reasons stated above, Creditor requests:

1.      An Order Terminating the Automatic Stay.

Motion for Relief - 3
MH# WA-20-160601

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 20-10323-TWD    Doc 14    Filed 03/16/20    Ent. 03/16/20 16:18:05    Pg. 3 of 5

2.      Alternatively, for an Order requiring adequate protection of Movant's interest in the Property.

3.      For such other relief as the Court deems proper.

Dated: March 16, 2020                          McCarthy & Holthus, LLP


                                               /s/  Lance E. Olsen
                                               Lance E. Olsen, Esq. WSBA #25130
                                               Michael S. Scott, Esq. WSBA #28501
                                               Attorney for Movant

Motion for Relief - 4
MH# WA-20-160601

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 20-10323-TWD    Doc 14    Filed 03/16/20    Ent. 03/16/20 16:18:05    Pg. 4 of 5

## CERTIFICATE OF SERVICE

On 3/16/2020, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by electronic means through the Court's ECF program:

**TRUSTEE**
Nancy L James
njames@epitrustee.com

**DEBTOR(S) COUNSEL**
Rochelle Shuffield
Rochelle@shuffieldlaw.com

  **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Raquel Rivera
Raquel Rivera

On 3/16/2020, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Philip P Burnell, 17505 110th Lane Se, Renton, WA 98055

  **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh

Certificate of Service - 5
MH#WA-20-160601

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 20-10323-TWD Doc 14 Filed 03/16/20 Ent. 03/16/20 16:18:05 Pg. 5 of 5